IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MATTHEW WIGGINS,

    Petitioner,

v.                                                    No. 22-cv-0918 DHU-KK

ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondent.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Matthew Wiggins' Habeas Petition Under 28 U.S.C. § 2254 (Doc. 1) (Petition). Also before the Court are his motions to proceed *in forma pauperis* and obtain Fed. R. Civ. P. 60(b) relief in connection with a different habeas case (Docs. 2, 4). Wiggins challenges his state convictions for criminal sexual penetration based on, inter alia, due process violations. Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court declines to reach any successive habeas claims and will direct Wiggins to show cause why the new claims are not time-barred.

## BACKGROUND[1]

    The procedural history of this case is complex, as Wiggins raises a first habeas challenge to his convictions in State Case No. D-1116-CR-2007-673 (the "2007 CSP Case") along with a successive habeas challenge to his convictions in D-1116-CR-2008-95 (the "2008 CSP Case").

---

[1] To better interpret the citations in the Petition, the Court takes judicial notice of Wiggins' relevant state court criminal dockets, Case No. D-1116-CR-2007-673; D-1116-CR-2007-1042; D-1116-CR-2007-1043; D-1116-CR-2008-95; A-1-CA-29988; S-1-SC-33852; and S-1-SC-33267. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

The Court will briefly describe the relationship between these cases before turning to the timeline in the 2007 CSP Case.

### A. Wiggin's Prior State Cases

In 2007, the State charged Wiggins with first-degree kidnapping; third-degree criminal sexual penetration; and the unlawful taking of a motor vehicle. *See* Doc. 1 at 1; Information in 2007 CSP Case, D-1116-CR-2007-673. The case was assigned to Judge Birdsall. *See* Doc. 1 at 152. During pretrial proceedings, the State initiated three other cases against Wiggins, D-1116-CR-2007-1042; D-1116-CR-2007-1043; and the 2008 CSP Case, D-1116-CR-2008-95. The first two cases involve battery/assault, and it appears Wiggins has completed those sentences. *See* Docket Sheet in D-1116-CR-2007-1042; D-1116-CR-2007-1043. The 2008 CSP Case, D-1116-CR-2008-95, also involves kidnapping and criminal sexual penetration, but the charges do not overlap with the 2007 CSP Case, D-1116-CR-2007-673. *Compare* Doc. 1 at 221 and Criminal Information, filed Feb. 6, 2008 in 2008 CSP Case, D-1116-CR-2008-95.[2] It appears Wiggins is still serving his sentence in both CSP cases.

Following trial in the 2007 CSP Case, D-1116-CR-2007-673, Judge Birdsall recused himself from the three remaining cases, D-1116-CR-2007-1042; D-1116-CR-2007-1043; and the 2008 CSP Case, D-1116-CR-2008-95. *See* Doc. 1 at 152. Wiggins was separately convicted in those cases, and the new judge (Judge Townsend) entered a consolidated Judgment on December 2, 2009. *See* Judgment in 2008 CSP Case, D-1116-CR-2008-95 (citing all three case numbers).

Between 2016 and 2022, Wiggins filed two federal § 2254 petitions challenging his

---

[2] The charged conduct in the 2007 CSP Case, D-1116-CR-2007-673, occurred on or about June 6, 2007, while the conduct in the 2008 CSP Case, D-1116-CR-2008-95, occurred on or about March 15, 2007.

conviction in the 2008 CSP Case, D-1116-CR-2008-95. *See Wiggins v. State*, 16-cv-168 JCH-KK and *Wiggins v. Gonzales,* 22-cv-573 MIS-JFR. The Hon. Judith Herrera dismissed the first petition as time-barred. *See* Doc. 11 in 16-cv-168 JCH-KK. The Hon. Margaret Strickland dismissed the second petition as an unauthorized successive habeas challenge to the 2008 CSP Case, D-1116-CR-2008-95. *See* Doc. 5 in 22-cv-573 MIS-JFR. Judge Strickland also considered and rejected Wiggins' request to reconsider, and the matter was affirmed on appeal. *See* Docs. 14, 17 in 22-cv-573 MIS-JFR.

### B.  Relevant State Court Timeline in the 2007 CSP Case

On January 23, 2009, the jury convicted Wiggins of all charges in the 2007 CSP Case, D-1116-CR-2007-673 (*i.e.,* first-degree kidnapping; third-degree criminal sexual penetration; and the unlawful taking of a motor vehicle). The state court sentenced him to 41.5 years imprisonment, with 5.5 years suspended. *See* Doc. 1 at 224. Judgment on the conviction and sentence was entered on October 22, 2009. *Id*. at 221. Wiggins filed a direct appeal. The New Mexico Court of Appeals (NMCA) affirmed his convictions and sentence on September 20, 2011. *Id.* at 194. Wiggins sought certiorari relief with the New Mexico Supreme Court (NMSC), which denied relief by an Order entered November 2, 2012. *Id.* at 209; Order in S-1-SC-33852. The state docket reflects Wiggins did not seek federal certiorari review with the United States Supreme Court. *See* Docket Sheet in 2007 CSP Case, D-1116-CR-2007-673. His conviction and sentence therefore became final no later than February 1, 2013 (*i.e.,* the first day following expiration of the 90-day federal certiorari period). *See Rhine v. Boone,* 182 F.3d 1153, 1155 (10th Cir. 1999) (for habeas purposes, a conviction becomes final "after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the [90-day] time for filing a petition ... has passed").

3

Around the same time, Wiggins sought post-conviction relief in 2007 CSP Case. The state trial court entered two orders denying post-judgment relief on January 7, 2014. *See* Docket Sheet in 2007 CSP Case, D-1116-CR-2007-673. The docket reflects Wiggins did not appeal those orders. *Id.* Over seven years passed with no state tolling activity in the 2007 CSP Case. On May 13, 2021, Wiggins filed a state habeas petition. *See* Habeas Brief in 2007 CSP Case, D-1116-CR-2007-673. That petition is pending in New Mexico's Eleventh Judicial District Court. *Id.*

Wiggins filed the instant § 2254 Petition (Doc. 1) on November 30, 2022. He argues the judge, prosecutor, and defense attorney in the 2007 CSP Case were biased and committed misconduct. He also attempts to challenge his convictions in the 2008 CSP Case. Wiggins filed a Motion to Proceed *In Forma Pauperis* (Doc. 2), which reflects he does not receive a regular income and cannot afford to prepay the $5 filing fee. The Court will therefore grant the Motion (Doc. 2) and review the Petition under Habeas Corpus Rule 4.

## DISCUSSION

Habeas Corpus Rule 4 requires a *sua sponte* review of § 2254 claims. "If it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief in the district court, the judge must dismiss the petition." Habeas Corpus Rule 4. "If the petition is not dismissed, the judge must order the [Attorney General] to file an answer...." *Id.* As part of the initial review process, "district courts are permitted ... to consider, sua sponte, the timeliness of a ... habeas petition" and whether the claims are successive. *Day v. McDonough*, 547 U.S. 198, 209 (2006); 28 U.S.C. § 2244(b) (addressing successive petitions).

### A. The Court Will Grant Relief on Any Successive Claims

The instant Petition primarily challenges Wiggins' convictions in the 2007 CSP Case, D-

4

1116-CR-2007-673. The Court will address the timeliness of those claims below. The Petition also appears to challenge Wiggins' convictions in the 2008 CSP Case, D-1116-CR-2008-95. He argues his attorney was ineffective in both CSP cases; seeks to file a consolidated § 2254 proceeding challenging all CSP convictions; and asks the Court to set aside Judge Strickland's dismissal ruling in *Wiggins v. Gonzales,* 22-cv-573 MIS-JFR under Fed. R. Civ. P. 60. *See* Doc. 1 at 8; Doc. 4. As noted above, Judge Strickland dismissed Wiggins' unauthorized successive § 2254 challenging the 2008 CSP Case, D-1116-CR-2008-95. The Tenth Circuit affirmed her ruling on June 23, 2023. *See* Doc. 17 in *Wiggins v. Gonzales,* 22-cv-573 MIS-JFR. The Court has no authority or inclination to disturb Judge Strickland's ruling. Wiggins' request for Rule 60 relief in connection with *Wiggins v. Gonzales,* 22-cv-573 MIS-JFR is denied. *See* Doc. 4.

To the extent Wiggins otherwise seeks to challenge his convictions in the 2008 CSP Case, D-1116-CR-2008-95, no relief is available. District Courts lack jurisdiction over successive habeas claims filed without prior authorization from the Tenth Circuit. *See In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008). District Courts can transfer successive claims to the Circuit so that a petitioner may seek the required authorization, but the circumstances here do not warrant such a transfer. Any challenge to the convictions in the 2008 CSP Case, D-1116-CR-2008-95, are time-barred. *See Wiggins v. State*, 16-cv-168 JCH-KK. Wiggins has also not presented new, reliable evidence of factual innocence or cited new Supreme Court law warranting relief, which is required to certify a successive claim under 28 U.S.C. § 2244(b). *See Cline,* 531 F.3d at 1251. Any successive § 2254 claims in the Petition must therefore be dismissed without prejudice for lack of jurisdiction. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as the absence of jurisdiction is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473,

484 (2000) (certificate of appealability can only issue in a habeas proceeding where petitioner "demonstrates that reasonable jurists would find the district court's assessment … debatable or wrong").

Finally, to the extent Wiggins provides a Notice of Constitutional Question (Doc. 5), the Court will take no action on that filing. The Notice purports to provide notice to the "proper Attorney General" that Wiggins intends to challenge an unspecified statute as unconstitutional. The Notice does not comply with the requirements of Fed. R. Civ. P. 5.1 (Constitutional Challenge to a Statute). And, in any event, the Notice appears to relate to Wiggins' pending civil action, *Wiggins v. Hatch,* 21-cv-670 KWR-DLM, consolidated with *Wiggins v. FNU LNU,* 22-cv-279 KWR-DLM.

### B. Timeliness of Claims Challenging the 2007 CSP Case

Section 2254 petitions must generally be filed within one year after the defendant's conviction becomes final. *See* 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Equitable tolling may also available "when an inmate diligently pursues his claims and

demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

As noted above, the Judgment here became final on February 1, 2013. *See Rhine*, 182 F.3d at 1155. The Court assumes, without deciding, that the limitation period was tolled based on Wiggins' state post-judgment motions that remained pending in 2012 and 2013. *See* 28 U.S.C. § 2244(d)(2). The state court denied post-judgment relief on January 7, 2014, and Wiggins did not appeal. The state post-judgment motions therefore tolled the one-year period through February 6, 2014, when the 30-day state appeal period expired. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (for tolling purposes, a state habeas proceeding remains pending until "the application has achieved final resolution through the State's postconviction procedures"); N.M. R. App. P. 12-201(A)(1)(b) (state direct appeal must be filed within 30 days after entry of the challenged judgment or order). "The next day [February 7, 2014] statutory tolling ceased," and the one-year limitation period began to run. *Trimble v. Hansen*, 2019 WL 990686, at *2 (10th Cir. Feb. 28, 2019) (addressing tolling calculations under § 2244). The state docket reflects no discernable tolling activity during the following year. The limitation period for challenging convictions in the 2007 CSP Case, D-1116-CR-2007-673, therefore expired no later than February 7, 2015, and the § 2254 claims filed November 30, 2022 are time-barred.

The Court discerns Wiggins may seek to overcome the time-bar by asserting a claim of actual innocence. *See* Doc. 13-14. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar [or] ... expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "Th[e] actual innocence exception is rare and will only be applied in the extraordinary case." *Lopez v. Trani*, 628 F.3d

1228, 1231 (10th Cir. 2010) (quotations omitted). A habeas petitioner must "'persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Burke v. Bigelow*, 792 Fed. App'x 562, 565 (10th Cir. 2019) (quoting *McQuiggin*, 569 U.S. at 386).

Wiggins states he has new evidence to support his claims, but it is not clear what information he seeks to proffer. The timeliness section of the Petition merely alleges the State used "trickery" to appoint defense attorney Cosme Ripol in all four of his cases "for an easy conviction." Doc. 1 at 13. The actual innocence exception pertains to "factual innocence, not mere legal insufficiency." *Pacheco v. El Habti*, 48 F.4th 1179, 1186 (10th Cir. 2022). Wiggins' allegations do not show he is factually innocent or that no reasonable juror could have voted to convict. The Petition therefore fails to overcome the time-bar at this stage.

Rather than dismissing the Petition outright, and in accordance with Tenth Circuit custom, the Court will allow Wiggins to file a response containing more information about the time-bar and the actual innocence exception, if he intends to pursue that theory. The response must be filed within thirty (30) days of entry of this Order. Failure to timely respond and overcome the time-bar will result in dismissal of this habeas action without further notice.

**IT IS ORDERED** that Wiggins' Motion to Proceed *In Forma Pauperis* (**Doc. 2**) is **GRANTED**; and his Motion Pursuant to Fed. R. Civ. P. 60 (**Doc. 4**) is **DENIED**.

**IT IS FURTHER ORDERED** to the extent Wiggins' Habeas Petition Under 28 U.S.C. § 2254 (**Doc. 1**) raises successive habeas claims challenging his convictions in the 2008 CSP Case, D-1116-CR-2008-95, such claims are **DISMISSED without prejudice** for lack of jurisdiction; and a certificate of appealability is **DENIED** in connection with those claims.

**IT IS FINALLY ORDERED** that within thirty (30) days of entry of this ruling, Wiggins shall file a response showing cause, if any, why his § 2254 claims challenging the convictions in the 2007 CSP Case, D-1116-CR-2007-673, should not be dismissed as untimely.

_____
UNITED STATES DISTRICT JUDGE