IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MATTHEW WIGGINS,

    Petitioner,

v.                                                                                           No. 22-cv-0918 DHU-KK

ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondent.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Matthew Wiggins' Habeas Petition Under 28 U.S.C. § 2254 (Doc. 1) (Petition). Wiggins challenges multiple state convictions for criminal sexual penetration based on, inter alia, due process violations. The Court previously declined to consider successive habeas claims and directed Wiggins to show cause why his new claims are not time-barred. Having reviewed all applicable law, and because Wiggins' response does not overcome the time-bar, the Court will dismiss the Petition.

### BACKGROUND[1]

The procedural history of this case is complex, as the Petition raises a first habeas challenge to Wiggins' convictions in State Case No. D-1116-CR-2007-673 (the "2007 CSP Case") along with a successive habeas challenge to his convictions in D-1116-CR-2008-95 (the "2008 CSP Case"). The 2007 CSP Case and the 2008 CSP Case involve separate incidents and separate victims. The

---

[1] To better interpret the citations in the Petition, the Court takes judicial notice of Wiggins' relevant state court criminal dockets, Case No. D-1116-CR-2007-673; D-1116-CR-2007-1042; D-1116-CR-2007-1043; D-1116-CR-2008-95; A-1-CA-29988; S-1-SC-33852; and S-1-SC-33267. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

Court will briefly describe the relationship between these cases before turning to the timeline in the 2007 CSP Case and the prior screening directive in this case.

### A.  Relationship Between the 2007 CSP Case (First-Time Habeas Claims) and the 2008 CSP Case (Successive Habeas Claims)

In 2007, police began investigating Wiggins following a report by two separate women, E.H. and H.P.  The State first charged Wiggins with first-degree kidnapping; third-degree criminal sexual penetration; and the unlawful taking of a motor vehicle in the 2007 CSP Case, D-1116-CR-2007-673.  *See* Doc. 1 at 1; Information in 2007 CSP Case, D-1116-CR-2007-673.  The 2007 CSP Case, D-1116-CR-2007-673 involves E.H.  The case was assigned to Judge Birdsall.  *See* Doc. 1 at 152.  During pretrial proceedings, the State initiated three other cases against Wiggins, D-1116-CR-2007-1042; D-1116-CR-2007-1043; and the 2008 CSP Case, D-1116-CR-2008-95.  The first two cases involve other infractions, and it appears Wiggins has completed those sentences.  *See* Docket Sheets in D-1116-CR-2007-1042 and D-1116-CR-2007-1043.  The 2008 CSP Case, D-1116-CR-2008-95, involves the kidnapping and criminal sexual penetration of H.P.  The charges in the two CSP cases do not overlap, but Judge Birdsall and Defense Attorney Cosmo Ripol were initially involved in both cases.  *Compare* Doc. 1 at 221 with Criminal Information, filed Feb. 6, 2008 in 2008 CSP Case, D-1116-CR-2008-95.  It appears Wiggins is still serving sentences in both CSP cases.

After presiding over trial in the 2007 CSP Case, D-1116-CR-2007-673, Judge Birdsall recused from the 2008 CSP Case, D-1116-CR-2008-95.  *See* Doc. 1 at 152 (noting Judge Birdsall's recusals).  Wiggins accused Judge Birdsall of racism, although it is not clear whether that prompted the recusal.  *See* Doc. 7 at 19.  Defense Attorney Cosme Ripol allegedly responded to Wiggins' accusation during a hearing, stating he (Ripol) knew Judge Birdsall for many years

and felt "honor-bound" to say Judge Birdsall is not a racist. *Id.* Attorney Ripol also withdrew from representing Wiggins in the 2007 CSP Case, D-1116-CR-2007-673. *See* Withdrawal/Substitution of Counsel entered August 23, 2007 in D-1116-CR-2007-673.

After Wiggins' convictions in 2007 CSP Case, D-1116-CR-2007-673, he was separately convicted in the 2008 CSP Case, D-1116-CR-2008-95. The new judge (Judge Townsend) entered a consolidated Judgment on December 2, 2009, which governs the 2008 CSP Case, D-1116-CR-2008-95 and two battery cases. *See* Judgment in 2008 CSP Case, D-1116-CR-2008-95 (citing all three case numbers). Judge Townsend's consolidated Judgment was not entered in the 2007 CSP Case, D-1116-CR-2007-673.

Between 2016 and 2022, Wiggins filed two federal § 2254 petitions. *See Wiggins v. State*, 16-cv-168 JCH-KK and *Wiggins v. Gonzales,* 22-cv-573 MIS-JFR. Both § 2254 petitions challenged Wiggins' convictions in the 2008 CSP Case, D-1116-CR-2008-95, but they did not challenge his separate convictions in the 2007 CSP Case, D-1116-CR-2007-673. *Id.* The Hon. Judith Herrera dismissed the first petition as time-barred. *See* Doc. 11 in 16-cv-168 JCH-KK. The Hon. Margaret Strickland dismissed the second petition as an unauthorized successive habeas challenge to the 2008 CSP Case, D-1116-CR-2008-95. *See* Doc. 5 in 22-cv-573 MIS-JFR. The instant Petition raises successive habeas claims that again challenge Wiggins' convictions in the 2008 CSP Case, D-1116-CR-2008-95 and new, untimely habeas claims challenging his convictions in the 2007 CSP Case, D-1116-CR-2007-673.

**B. Relevant Timeline for the New Claims Challenging the 2007 CSP Case**

Although Judge Birdsall recused from Wiggins' other cases, he presided over the 2007 CSP Case, D-1116-CR-2007-673, through its conclusion. Judgment was entered in that case on

October 22, 2009.  *See* Doc. 1 at 221.  Wiggins filed a direct appeal.  The New Mexico Court of Appeals (NMCA) affirmed his convictions and sentence on September 20, 2011.  *Id.* at 194-195.  Wiggins sought certiorari relief with the New Mexico Supreme Court (NMSC), which denied relief by an Order entered November 2, 2012.  *Id.* at 209; Order in S-1-SC-33852.  The state docket reflects Wiggins did not seek federal certiorari review with the United States Supreme Court.  *See* Docket Sheet in 2007 CSP Case, D-1116-CR-2007-673.  His conviction and sentence therefore became final no later than February 1, 2013 (*i.e.,* the first day following expiration of the 90-day federal certiorari period).  *See Rhine v. Boone,* 182 F.3d 1153, 1155 (10th Cir. 1999) (for habeas purposes, a conviction becomes final "after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the [90-day] time for filing a petition ... has passed").

Before the NMSC ruled on direct appeal, Wiggins also sought post-conviction relief with the state trial court in the 2007 CSP Case.  The one-year federal habeas limitation period therefore did not start running until after state court ruled on those motions.  The state trial court entered orders denying post-judgment relief on January 7, 2014.  *See* Docket Sheet in 2007 CSP Case, D-1116-CR-2007-673.  The docket reflects Wiggins did not appeal, and over seven years passed with no state tolling activity in the 2007 CSP Case, D-1116-CR-2007-673.  *Id.*  As noted in more detail below, the one-year federal habeas limitation period expired one year after those orders became final.

### C.  The Federal § 2254 Filing and Initial Screening Ruling

Wiggins filed the instant § 2254 Petition (Doc. 1) on November 30, 2022.  He argues the judge, prosecutor, and defense attorney in the 2007 CSP Case, D-1116-CR-2007-673 were biased and committed misconduct.  He also raises a successive challenge to his convictions in the 2008

4

CSP Case, D-1116-CR-2008-95. By a Memorandum Opinion and Order entered August 10, 2023, the Court screened the Petition under Habeas Corpus Rule 4. *See* Doc. 6 (Screening Ruling). The Court dismissed the successive habeas claims that challenge Wiggins' convictions in the 2008 CSP Case, D-1116-CR-2008-95, without prejudice and for lack of jurisdiction. *Id.* The Court also determined any habeas claims challenging the 2007 CSP Case, D-1116-CR-2007-673, are plainly time-barred but permitted Wiggins to file a response expanding upon his arguments regarding actual innocence/tolling. Wiggins filed a Response (Doc. 7), and the matter is ready for review under Habeas Corpus Rule 4.

## DISCUSSION

Habeas Corpus Rule 4 requires a *sua sponte* review of § 2254 claims. "If it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief in the district court, the judge must dismiss the petition." Habeas Corpus Rule 4. "If the petition is not dismissed, the judge must order the [Attorney General] to file an answer...." *Id.* As part of the initial review process, "district courts are permitted ... to consider the timeliness of a ... habeas petition" and whether the claims are successive. *Day v. McDonough*, 547 U.S. 198, 209 (2006); 28 U.S.C. § 2244(b) (addressing successive petitions).

Section 2254 petitions must generally be filed within one year after the defendant's conviction becomes final. *See* 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

5

(3)     Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4)     Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

The Judgment here became final on February 1, 2013.  The one-year period did not start running on that date because Wiggins' state post-judgment motions remained pending until 2014.  *See* 28 U.S.C. § 2244(d)(2).  The state court denied post-judgment relief on January 7, 2014, and Wiggins did not appeal.  The start of the one-year period was therefore tolled through February 6, 2014, when the 30-day state appeal period expired.  *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (for tolling purposes, a state habeas proceeding remains pending until "the application has achieved final resolution through the State's postconviction procedures"); N.M. R. App. P. 12-201(A)(1)(b) (an appeal must be filed within 30 days after entry of the challenged judgment or order).  "The next day [February 7, 2014] statutory tolling ceased," and the one-year limitation period began to run.  *Trimble v. Hansen*, 2019 WL 990686, at *2 (10th Cir. Feb. 28, 2019) (addressing complex tolling calculations in habeas cases).  The state docket reflects there were no tolling motions under § 2244(d)(2) during the following year.  The limitation period for any § 2254 claims challenging the conviction in the 2007 CSP Case, D-1116-CR-2007-673 therefore expired no later than February 7, 2015.  Absent additional tolling, the § 2254 claims filed on November 30, 2022 are time-barred by over seven years.

The Court explained the above principles in its Screening Ruling, which set out the state court timeline along with the legal standards for statutory tolling and equitable tolling. *See* Doc. 6. Like the Petition, Wiggins' Response (Doc. 7) addresses both the new claims challenging his 2007 CSP Case, D-1116-CR-2007-673 and the successive claims challenging his 2008 CSP Case, D-1116-CR-2008-95. As to the timeliness of claims challenging the 2007 CSP Case, D-1116-CR-2007-673, it appears Wiggins primarily seeks to overcome the time-bar based on the actual innocence exception. The Court also liberally construes the Response to seek equitable or statutory tolling.

To the extent the Response continues to raise successive habeas challenging the convictions in the 2008 CSP Case, D-1116-CR-2008-95, Wiggins is reminded that no relief is available. District Courts lack jurisdiction over successive habeas claims filed without prior authorization from the Tenth Circuit. *See In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008). District Courts can transfer successive claims to the Circuit so that a petitioner may seek the required authorization, but the circumstances here do not warrant such a transfer. Judge Herrera has already ruled that any challenges to the convictions in the 2008 CSP Case, D-1116-CR-2008-95, are time-barred. *See Wiggins v. State*, 16-cv-168 JCH-KK. Wiggins has also not presented reliable evidence of factual innocence in the 2008 CSP Case, D-1116-CR-2008-95 or cited new Supreme Court law warranting relief, which is required to certify a successive claim under 28 U.S.C. § 2244(b). *See Cline,* 531 F.3d at 1251. Any additional successive § 2254 arguments in the Response will therefore be dismissed without prejudice for lack of jurisdiction, and the Court will address the remaining tolling arguments below.

## I. Actual Innocence Exception

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" if his § 2254 petition would otherwise be barred by the "expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "Th[e] actual innocence exception is rare and will only be applied in the extraordinary case." *Lopez v. Trani*, 628 F.3d 1228, 1231 (10th Cir. 2010) (quotations omitted). A habeas petitioner must "'persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Burke v. Bigelow*, 792 Fed. App'x 562, 565 (10th Cir. 2019) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)). "An actual innocence claim must be based on more than the petitioner's speculations and conjectures." *Taylor v. Powell*, 7 F.4th 920, 927 (10th Cir. 2021). The "new reliable evidence" must be similar to "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence … that was not presented at trial." *Id.*

Wiggins attaches several exhibits to his show-cause Response to support his claim of actual innocence, including:

(1) A letter dated July 25, 2007 from Defense Attorney Cosmo Ripol to Wiggins' relative, which states Ripol does not represent the relative and is frightened by her behavior;

(2) Excerpts from victim E.H.'s[2] statements to police and/or her testimony;

(3) A narrative explaining why Wiggins believes E.H.'s statements are inconsistent;

(4) A letter dated November 13, 2008 from Wiggins to Judge Birdsall, which expresses

---

[2] For clarity, E.H. was the victim in the 2007 CSP Case, D-1116-CR-2007-673. *See* Doc. 1 at 195. Some filings in this case also reference H.P., who was the victim in the 2008 CSP Case, D-1116-CR-2008-95. *See* Criminal Information, filed Feb. 6, 2008 in 2008 CSP Case, D-1116-CR-2008-95.

Wiggins' frustration with Defense Attorney Scott Curtis in the 2007 CSP Case, D-1116-CR-2007-673;

(5) Excerpts from a counseled state appellate brief, which allege Attorney Ripol inappropriately refuted Wiggins' accusation that Judge Birdsall is racist;

(6) Excerpts from Wiggins' opening Petition in this case;

(7) Minutes from a 2009 hearing in the 2007 CSP Case, D-1116-CR-2007-673;

(8) Minutes from a 2009 hearing in the 2008 CSP Case, D-1116-CR-2008-95;

(9) A motion to withdraw by Attorney Ripol, filed June 22, 2009 in the 2008 CSP Case, D-1116-CR-2008-95; and

(10) A letter dated November 21, 2008 from the state public defender's office to Wiggins, which states Casey Stone was assigned as his third attorney in the 2007 CSP Case, D-1116-CR-2007-673.

These exhibits do not contain scientific or exculpatory information that suggest Wiggins' innocence. At most, they highlight alleged legal defects in the state criminal prosecution. "Actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 615 (1998). The Tenth Circuit has also repeatedly held that pointing out alleged inconsistencies in the victim's statement is not enough to satisfy the actual-innocence exception. *See Phillips v. Ferguson*, 182 F.3d 769, 775, n. 6 (10th Cir.1999) ("inconsistent testimony does not show that [the defendant] was actually innocent of the crime"); *Clayton v. Gibson*, 199 F.3d 1162, 1180 (10th Cir. 1999) (indicating impeachment evidence insufficient to establish actual innocence); *Ballinger v. Kerby*, 3 F.3d 1371, 1375 (10th Cir. 1993) (evidence that would impeach petitioner's "primary accuser" is insufficient to meet the exception).

9

Wiggins also argues the state trial judge, his attorneys, and the prosecutor did not give him the necessary resources to prove his claim of actual innocence. In particular, he argues his defense attorneys failed to call additional witnesses and counsel/the State would not provide "resources to disprove the DNA evidence." *See* Doc. 1 at 2-4, 8. Wiggins further contends that if the jury was "allowed to hear [his] side, no reasonable jurist" would disagree with his testimony. *Id.* at 5.

It is not clear what testimony any additional witnesses would provide. In any event, a petitioner's own speculation regarding witness testimony is not enough to show actual innocence. *See McDaniel v. Cody*, 104 F.3d 367 (10th Cir. 1996) (rejecting actual innocence claim based on petitioner's "own affidavit concerning what he believes certain witnesses would have said, had they been called at trial"); *Frost v. Pryor*, 749 F.3d 1212, 1232 (10th Cir. 2014) ("[s]imply maintaining one's innocence" and "casting doubt on witness credibility" do not establish actual innocence).

Wiggins also fails to provide factual detail regarding counsel's alleged failure to "disprove" the DNA evidence, aside from the fact that the prosecutor allegedly "never showed proof of [the] … test" at trial. Doc. 7 at 1. A petitioner's "blanket assertion that DNA testing would exonerate him of his crimes" fails to meet the "high hurdle" of actual innocence. *See Chavez v. Trani*, 534 Fed. App'x 799, 801 (10th Cir. 2013); *Renteria v. Bryant*, 774 Fed. App'x 440, 445 (10th Cir. 2019) ("claims of actual innocence must be supported by new reliable evidence, … and a request for DNA testing does not qualify"); *Draper v. Martin*, 843 Fed. App'x 126, 130 (10th Cir. 2021) (affirming dismissal of 2254 petition based on procedural grounds, notwithstanding petitioner's assertion of actual innocence and that the "DNA was inconclusive, meaning … he shouldn't have been charged of sex offenses"). This is especially true where, as here, the petitioner does not specify why additional DNA testing is necessary, and the victim participated in the prosecution to

corroborate the State's evidence.

In sum, Wiggins' arguments and exhibits set forth in the Response (Doc. 7) do not show that no reasonable juror could vote to convict him of criminal sexual penetration, in light of the evidence. Wiggins is not entitled to tolling under the actual innocence exception with respect to his challenges to the 2007 CSP Case, D-1116-CR-2007-673.

## II. Equitable Tolling

Construed liberally, the Response may also seek equitable or statutory tolling. To obtain equitable tolling, "an inmate bears a strong burden to show specific facts" that he was prevented by filing a timely habeas petition based on "extraordinary circumstances." *Yang v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008). He must also describe "the steps he took to diligently pursue his federal claims while those circumstances existed." *Pena-Gonzales v. State*, 2022 WL 214747, at *1 (10th Cir. Jan. 25, 2022) (noting that *Yang* requires both "extraordinary circumstances *and* due diligence") (emphasis in original).

As noted above, Wiggins' arguments address alleged defects that occurred in the state trial court during his criminal prosecution in the 2007 CSP Case, D-1116-CR-2007-673. Such facts do not show extraordinary circumstances prevented him from filing a § 2254 petition after the Judgment became final and during the pendency of the one-year limitation period (*i.e.,* between February 7, 2014 and February 7, 2015). To the extent Wiggins argues counsel failed to advise him of his federal habeas rights, the Tenth Circuit has repeatedly held that such circumstances do not justify tolling. *See Montoya v. Milyard*, 342 Fed. App'x 430, 432 (10th Cir. 2009) (The failure to "notify [petitioner] of the statute of limitations" is not grounds for tolling); *Jones v. Romero*, 835 Fed. App'x 973, 978 (10th Cir. 2020) (declining to apply equitable tolling where petitioner

11

"received improper advice" regarding federal habeas relief and specifically, the statute of limitations); *Cf Chavez v. Franco*, 794 Fed. App'x 741, 745 (10th Cir. 2019) (finding no extraordinary circumstance to justify tolling where "state post-conviction counsel was ineffective for failing to assert all of the claims in a timely fashion in the New Mexico state courts").

Alternatively, even if the Response could show that extraordinary circumstances prevented Wiggins from filing a timely § 2254 petition, there are no facts showing due diligence. The Response fails to describe what particular steps (if any) Wiggins took to pursue his § 2254 claims during the pendency of the one-year limitation period. The Court discerns Wiggins may not have pursued his remedies because he did not know about 28 U.S.C. § 2254 until years later. Unfortunately, it is well settled that "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Ramirez v. Allbaugh*, 771 Fed. App'x 458, 462 (10th Cir. 2019) (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)). Wiggins' Response therefore fails to satisfy either prong of the equitable tolling test.

### III. Statutory Tolling

As to statutory tolling under 28 U.S.C. § 2244(d)(1)(B), the Response does not set out "specific facts that demonstrate how [state action] … impeded his ability to file a federal habeas petition." *Weibley v. Kaiser*, 2002 WL 31478974, *3 (10th Cir. 2002) (citing 28 U.S.C. § 2244(d)(1)(B)). At most, the Response generally alleges the State failed to provide resources or respond to Wiggins' request for advice. *See* Doc. 7 at 1-4. "[W]hile the quality of [Wiggins' § 2254] petition might have been improved with greater" resources from the State, the Response fails to show he was actually "incapable of filing a timely habeas petition given the resources available…." *Garcia v. Hatch*, 343 Fed. App'x 316, 318–19 (10th Cir. 2009) (emphasis added).

*See also United States v. Thody*, 460 Fed. App'x 776, 781 (10th Cir. 2012) (§ 2244(d)(1)(B) requires that the government impediment "actually prevented" defendant from seeking habeas relief).  It is also not possible to calculate the start of the limitation period under § 2244(d)(1)(B) because Wiggins does not say when the alleged state filing impediment was removed.  The Response therefore fails to establish an entitlement to tolling under that section.

Wiggins may also seek tolling under 28 U.S.C. § 2244(d)(1)(D).  That section tolls the start of the limitation period through "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  "Due diligence" is an "objective standard that refers to when a plaintiff could have discovered the pertinent facts, not when [he or] she actually discovered them."  *Madrid v. Wilson*, 590 Fed. App'x 773, 776 (10th Cir. 2014) (quoting *United States v. Denny*, 694 F.3d 1185, 1189 (10th Cir. 2012)).

The claims here primarily pertain to ineffective assistance by counsel; failure to subpoena relevant witnesses; alleged misconduct by the state judge and prosecutor; and alleged defects in the trial evidence and witness statements.   Wiggins has not explained why he could not discover these claims between 2007 and 2012, when his trial and direct appeal were pending in the 2007 CSP Case, D-1116-CR-2007-673.  See *Mitchell v. Mullin*, 388 Fed. App'x 811, 813 (10th Cir. 2010) (§ 2244(d)(1)(D) did not apply where the petitioner failed to explain the delay in inquiring about the alleged exculpatory evidence, which could have been discovered with "minimal effort"); *Brown v. Parker*, 348 Fed. App'x 405, 409 (10th Cir. 2009) (§ 2244(d)(1)(D) does not apply where petitioner could have requested information to uncover the factual predicate for his claims); *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000) (§ 2244(d)(1)(D) does not apply when petitioner

13

"was clearly aware" of the factual basis for his claim "years before" filing habeas petition, even if petitioner was later alerted to a new legal basis for the claim).

The Petition does allege that "new evidence was received on 1-3-2022," which "shows Judge Birdsall knew [Defense Attorney] Ripol" and that the "prosecutor had conflicts of prejudice about petitioner." Doc. 1 at 28. However, the record reflects that "1-3-2022" is the date when Wiggins filed a letter with the state court requesting all files in his cases, not the date he could have discovered the relevant facts. *Id.* at 66 (Letter from the Court Clerk to Wiggins stating: "We have received your letter by mail on 1/3/2022, requesting that the court provide documents/digital recordings of your cases" and citing the 2007 CSP Case, D-1116-CR-2007-673). The allegations suggest Wiggins personally witnessed much of the alleged wrongdoing that occurred between 2007 and 2012 (such as remarks by the prosecutor and judge at hearings), even if he did not cull the record for error until 2022. Wiggins has therefore not established the facts supporting his claims were previously undiscoverable, and he is not entitled to tolling under § 2244(d)(1)(D).

### III. Conclusion

In sum, Wiggins' Response fails to show an entitlement to equitable tolling; statutory tolling; or tolling under the actual innocence exception. The one-year limitation period expired no later than February 7, 2015. Wiggins' § 2254 proceeding filed November 30, 2022 is time-barred by over seven years. The Court will dismiss the Petition with prejudice, to the extent it raises a first habeas challenge to the convictions in the 2007 CSP Case, D-1116-CR-2007-673. To the extent the Petition and Response raise successive habeas challenges to Wiggins' convictions in the 2008 CSP Case, D-1116-CR-2008-95, those claims are dismissed without prejudice for lack of jurisdiction. Finally, the Court will deny a certificate of appealability (COA) under Habeas

Corpus Rule 11, as reasonable jurists would not debate the time-bar or the lack of jurisdiction over successive claims. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (COA issues where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS ORDERED** that to the extent the Habeas Petition Under 28 U.S.C. § 2254 (**Doc. 1**) raises claims challenging Wiggins' convictions in the 2007 CSP Case, D-1116-CR-2007-673, such claims are **DISMISSED with prejudice** as time-barred.

**IT IS FUTHER ORDERED** that to the extent Wiggins' Habeas Petition Under 28 U.S.C. § 2254 (**Doc. 1**) or his Response (**Doc. 7**) raise successive habeas claims challenging his convictions in the 2008 CSP Case, D-1116-CR-2008-95, such claims are **DISMISSED without prejudice** for lack of jurisdiction.

**IT IS FINALLY ORDERED** that a certificate of appealability is **DENIED**; and the Court will enter a separate judgment closing the civil habeas case.

_____
HON. DAVID URIAS
UNITED STATES DISTRICT JUDGE